WILLIAM P. FISHER, Individually and as President of the Common Council of the City of Buffalo, RALPH A. LEHR and Others, as Councilmen of the City of Buffalo, All Constituting the Common Council of the City of Buffalo, Plaintiffs, *v.* JOSEPH J. KELLY, as Mayor of the City of Buffalo, Defendant.

Fourth Department, July 1, 1942.

*Philip Halpern* and *George Clinton, Jr.* [*Philip Halpern* of counsel], for the plaintiffs.

*Andrew P. Ronan*, Acting Corporation Counsel [*Elmer S. Stengel* of counsel], for the defendant.

PER CURIAM. This is a submission of a controversy upon an agreed statement of facts (Civ. Prac. Act, §§ 546–548) for the purpose of determining the validity or invalidity of Local Law No. 2 of the Local Laws of the City of Buffalo for 1942 [Introductory No. 1, 1942], passed by the common council of the city of Buffalo on March 23, 1942, and repassed over the mayor's veto on April 14, 1942. No procedural questions are involved except that the defendant claims that the local law, if valid, is not in effect until it is approved by the electorate after a referendum pursuant to section 15 of the City Home Rule Law. The new local law amends article 14 of the City Charter▮ by repealing existing provisions relating to the department of health and substitutes new provisions in place thereof. The only changes of substance brought about by the new local law are to substitute, in place of the board of health of five members, a commissioner of health as the single executive head of the department of health in the city of Buffalo and to create an advisory board " which board shall advise the commissioner of health or the mayor upon matters pertaining to the public health whenever requested by such commissioner of health or mayor." The new local law has not been submitted by referendum for the approval of the electors of the city of Buffalo. The mayor has refused to appoint a commissioner of health and to submit his name to the common council for confirmation, upon the grounds (1) that the common council had no authority to enact this law and (2) that, if it had such authority, the law is not in effect until it is approved by the electorate after a referendum pursuant to section 15 of the City Home Rule Law.

The defendant contends that the common council had no authority to adopt this law either under subdivision 1 of section 11 of the City Home Rule Law because it does not relate to the property, affairs or government of the city of Buffalo, or under the provisions of subdivision 2 thereof because it changes or supersedes the provision of section 20 of the Public Health Law which reads: " § 20. Local boards of health. There shall continue to be local boards of health and health officers in the several cities, villages and towns of the State except as hereinafter provided."

While the protection and promotion of the public health are matters of State concern (State Const. art. 17, § 3) and do not relate to the " property, affairs or government of the city " within the meaning of those words as used in section 11 of the City Home Rule Law (*Adler* v. *Deegan*, 251 N. Y. 467; *Robertson* v. *Zimmer-*

*mann,* 268 id. 52), the Legislature has not required that the public health affairs of cities exceeding 50,000 population be administered by a specific number of individuals or that the health authority of such cities conform to any particular pattern. The Second Class Cities Law provides for a department of health (rather than a board of health) and vests the commissioner of public safety with all the powers and charges him with all the duties conferred upon or required of local boards of health (§ 145). Section 32 of the General Construction Law provides that " A reference to several officers of a municipal corporation holding the same office, or to a board of such officers, shall be deemed to refer to the single officer holding such office, when but one person is chosen to fill such office in pursuance of law." Paragraph 3 of regulation 1 of chapter 1 of the Sanitary Code, which was established by the Public Health Council under the authority of section 2-b of the Public Health Law, defines a board of health as follows: " The term ' board of health ' or ' local board of health ' means and includes the local board, department, or commissioner of health, or other body or official of a municipality, by whatever title the same may be known, having the usual powers and duties of the board of health of a municipality."

We think that the department of health, as constituted by the new local law, must be deemed to be a board of health within the meaning of the Sanitary Code. We conclude, therefore, that the provisions of the local law do not conflict with the quoted provisions of the Sanitary Code and that the local law is valid.

The defendant further contends that the new local law, if it be valid, is not in effect until it is approved by referendum. Section 15 of the City Home Rule Law, so far as is material, provides as follows:

" § 15. Mandatory referendum. * * * Except as otherwise provided by or under authority of an act of the Legislature a local law shall be subject to mandatory referendum if it * * *

" 5. Abolishes, transfers or curtails any power of an elective city officer."

While the defendant now may appoint six persons in place of five, only the commissioner of health receives a salary, the five members of the advisory board of health serving without compensation.

We are of the opinion that the new local law does not curtail any power of the defendant within the meaning of section 15 of the City Home Rule Law.

We conclude that the plaintiffs are entitled to judgment against the defendant, without costs, adjudging and declaring that Local

Law No. 2 of the Local Laws of the City of Buffalo for 1942, is valid and in full force and effect, and further directing that the defendant appoint a commissioner of health pursuant to the provisions of said local law and submit his name to the common council for confirmation.

All concur, except DOWLING, J., who dissents and votes for dismissal of the action on the ground that the local law in question is presumptively valid and that the common council is without jurisdiction or authority to institute an action to test the validity of said law. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Submitted controversy determined in favor of plaintiffs, without costs.